UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20845-RAR

UNITED STATES OF AMERICA

vs.

ALEXANDER MESTRA,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION

**THIS CAUSE** comes before the Court on Defendant Alexander Mestra's *Pro Se* Motion Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"), [ECF No. 81]. The Court having carefully reviewed the Motion, the United States' Response in Opposition ("Response"), [ECF No. 82], the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

### BACKGROUND

On December 19, 2019, a federal grand jury returned an indictment charging Mestra, along with two other co-defendants, with conspiracy and possession with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, sections 70506(b) and 70503(a)(1). [ECF No. 6]. The charges arose from the interdiction of a go-fast vessel by the United States Coast Guard found to be transporting approximately 1,420 kilograms of cocaine—a vessel on which Mestra was a crew member. [ECF No. 29]. On February 20, 2022, pursuant to a written plea agreement, [ECF No. 28], and factual proffer, [ECF No. 29], Mestra pleaded guilty to Count 1 of the indictment.

Pursuant to his Presentence Investigation Report, [ECF No. 56] ("PSI"), Mestra's total offense level was 33 with a criminal history category of I, yielding an advisory guideline range of 135 to 168 months. PSI at ¶¶ 26, 29, 53. At sentencing on June 23, 2022, the Court varied downward and imposed a sentence of 108 months' imprisonment followed by five years' supervised release. [ECF No. 57].

In his Motion, Mestra requests that the Court "apply a two-level reduction" to his sentence "pursuant to 18 U.S.C. § 3582(c)(2), and based on the unanimously-voted U.S. Sentencing Commission New Amendment 4C1.1 'Adjustment for Certain Zero-Points Offenders' (Amendment 821) . . . ." Mot. at 2. He maintains he meets all of the criteria under Amendment 821 and warrants a reduction in sentence pursuant to 18 U.S.C. § 3553(a) due to his "evidence of post-sentencing rehabilitation." *Id.* at 6–8.

## LEGAL STANDARD

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on an original sentencing range that appears to have been subsequently lowered by the Sentencing Commission. *See Dillon v. United States*, 560 U.S. 817, 825–26 (2010). First, the Court must determine if a

retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. *See United States v. Barbieri*, No. 18-20060, 2023 WL 8472741, at *2 (S.D. Fla. Dec. 6, 2023). Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. *Id.*

The applicable Sentencing Commission policy statement here provides that a court "*shall not* reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). Further, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n.7. In other words, if a defendant is scheduled for release before February 1, 2024, he or she is not entitled to relief under Amendment 821.

If a defendant is eligible for relief under § 3582(c)(2), the Court must then determine if it will exercise its discretion to reduce that defendant's sentence after it has considered the § 3553(a) factors, *Dillon*, 560 U.S. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posted by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B). The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy

statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

## ANALYSIS

Mestra seeks relief pursuant to Amendment 821—the recently added adjustment for certain zero-point offenders. A defendant is eligible for a two-level reduction in his offense level under Amendment 821 if he meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

*See* U.S.S.G. § 4C1.1.

The Court need not determine whether Mestra meets these criteria here because any reduction of his sentence pursuant to § 4C1.1 would be inconsistent with Amendment 821's applicable policy statements. Specifically, courts cannot "reduce [a] defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). Here, if the Court were to apply Amendment 821 to Mestra's guideline range, it would result in an offense level of 31, with a criminal history category of I, resulting in an amended guideline range of 108 to 135 months. But the Court *already* sentenced Mestra to 108 months by way of a downward variance—the bottom of the amended guideline range applicable here. Accordingly, pursuant to the pertinent policy statement, the Court cannot further reduce Mestra's term of imprisonment under Amendment 821. *See United States v. Llanos Cortes*, No. 19-20220, 2023 WL 8372815, at *3 (S.D. Fla. Dec. 4, 2023) (denying application of Amendment 821 "[b]ecause the Court's judgment imposed a sentence of 100 months, which is below the new guideline range" and therefore the Court was "precluded by the applicable policy statement from reducing [defendant's] sentence pursuant to § 3582(c)(2).") (citing U.S.S.G. § 1B1.10(b)(2)(A)); *see also Dillon*, 560 U.S. at 827 ("Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized.").[1]

---

[1] Although there is a narrow exception to this general rule, it does not apply here. "If the term of the imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). This "comparably less" exception, however, applies to defendants who cooperated with the government and received a sentence reduction under either U.S.S.G. 5K1.1 or Rule 35(b). *See United States v. Colon*, 707 F.3d 1255, 1259 (11th Cir. 2013) (explaining that when "the Commission amended § 1B1.10(b)(2)," it "prohibit[ed] § 3582(c)(2) reductions below a prisoner's amended guidelines range, unless the original sentence had been below the applicable guidelines range because of a reduction based upon the defendant's substantial assistance to authorities."); *see also United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1335–36 (11th Cir. 2017) (same). Here, Mestra did not provide any substantial assistance to the government and there is no "government motion to reflect the

In sum, because a reduction in Mestra's sentence would be inconsistent with the applicable policy statements regarding Amendment 821, the Court need not consider the § 3553(a) factors.[2]

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Alexander Mestra's *Pro Se* Motion Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"), [ECF No. 81], is **DENIED**.[3]

**DONE AND ORDERED** in Miami, Florida, this 26th day of December, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

defendant's substantial assistance to authorities[.]" U.S.S.G. § 1B1.10(b)(2)(B). Thus, Mestra is ineligible for a sentence reduction below the 108 months he already received from the Court—the bottom of the new amended guideline range.

[2] Even if Mestra were eligible for relief under Amendment 821, the Court notes that a reduction would not be warranted under § 3553(a). The nature and circumstances of the offense—namely, the transport of 1,420 kilograms of cocaine over hundreds of miles of open sea—demonstrates a high level of criminal intent, planning, and determination. Thus, a sentence of 108 months in this case appropriately reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and affords adequate deterrence to criminal conduct. *See* Response at 7–8.

[3] Defendant's "request[ ] that the Court appoint CJA Counsel to represent Petitioner if necessary" is also denied. Mot. at 9. Metra is not entitled to the appointment of counsel to pursue his motion for reduction of sentence. "Courts have uniformly held that defendants do not have a statutory or constitutional right to counsel in these matters." *Llanos Cortes*, 2023 WL 8372815, at *3 (citing *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009) ("The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this consensus.")).